**SCURA, WIGFIELD, HEYER,**
**STEVENS & CAMMAROTA, LLP**
1599 Hamburg Turnpike
Wayne, New Jersey 07470
Tel.: 973-696-8391
Carlos D. Martinez, Esq.
cmartinez@scura.com
*Counsel for Debtor*

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| *In re:* <br><br> ROBERT J. HEMSING, <br><br><br> Debtor. | Chapter 11 <br> Case No.: 23-10037 (KCF) <br> Hon. Kathryn C. Ferguson <br> Hearing Date: July 11, 2023 at 10 a.m. |

### DEBTOR'S OBJECTION TO CLAIM NO. 15 FILED BY ULE GROUP CORP.

Robert J. Hemsing (the "Debtor"), by and through his counsel counsel, respectfully submit this objection to Proof of Claim No. 15 (the "Claim") filed by the ULE Group Corp. ("Creditor") pursuant to 11 U.S.C. § 502(b) and Fed.R.Bankr.P. 3007, and state as follows:

### FACTS

On January 3, 2023 ("Petition Date"), the Debtor filed for bankruptcy relief pursuant to Chapter 11, Title 11 of the United States Code ("Bankruptcy Code"), in the United States Bankruptcy Court, for the District of New Jersey. Prior to the Petition Date, the Debtor operated two electrical services companies (Dooley Electric NY Co. Inc. and Dooley Electric NJ Co. Inc – collectively the "Dooley Companies"). Due to a decrease in business income caused by labor costs overruns on several electrical projects, both businesses suffered losses. As a result, the Debtor's businesses shut down and filed an Assignment for the Benefit of Creditors (the

1

"Dooley ABCs"). The Debtor filed the instant bankruptcy because of the businesses shutting down and judgments being filed against the Debtor.

On March 10, 2023, Creditor filed the Claim for an "unknown" amount alleging that the basis for the Claim was "Creditor's contracts with Dooley Electric Company Inc." Upon information and belief, the debt is owed by one of the Dooley Companies and is not owed by the Debtor himself. Upon information and belief, the Creditor will be paid from the liquidation of the Dooley ABCs.

The Creditor does not attach any evidence to support its Claim and has not provided any supporting document that would legally bind the Debtor or make the Debtor jointly liable to pay back the debt owed to the Creditor. See, Proof of Claim No. 15. Furthermore, the Creditor has not provided sufficient information or documents to demonstrate that the Debtor personally guaranteed the Claim on behalf of the Dooley Companies. Accordingly, if the Creditor cannot provide such supporting information that would legally bind the Debtor and make the Debtor personally liable for the Creditor's debt, the Claim should be disallowed.

## LEGAL ARGUMENT

### Creditor's Claim Should Be Disallowed Pursuant to 11U.S.C § 502.

Pursuant to Section 502 of the Bankruptcy Code, a filed claim is deemed allowed unless an objection is made.  11 U.S.C. § 502(a).  Upon objection, Section 502(b) of the Bankruptcy Code provides that the Court shall determine the amount of the claim in accordance with the requirements of Section 502 and other applicable provisions of the Bankruptcy Code. 11 U.S.C. § 502(b).

In accordance with Rule 3001(f) of the Bankruptcy Rules, "[a] proof of claim executed and filed in accordance with these rules shall constitut*e prima facie* evidence of the validity and

amount of the claim." However, the "claimant bears the initial burden of sufficiently alleging the claim and establishing facts to support a legal liability." <u>DeRosa v. Newman, In re Chiro Plus, Inc.</u>, 339 B.R. 111, 113 (D.N.J. 2006). The party objecting to a proof of claim bears the burden of negating the claim's *prima facie* validity. <u>In re Allegheny Int'l</u>, 954 F.2d 167, 173 (3d. Cir. 1992); <u>DeRosa</u>, 339 B.R at 111. In order to meet this burden, the objecting party must refute "at least one of the allegations essential to the claim's legal sufficiency." <u>DeRosa</u>, 339 B.R. at 113. Once the objector meets its burden, the burden of production then shifts back to the claimant, who must prove the validity and amount of the claim by a preponderance of the evidence. <u>In re Allegheny Int'l Inc.</u>, 954 F.2d at 173; <u>DeRosa</u>, 339 B.R. at 113.

Here, the Creditor filed the Claim for an "unknown" amount alleging that the basis for the Claim was "Creditor's contracts with Dooley Electric Company Inc." Upon information and belief, the debt is owed by one of the Dooley Companies and is not owed by the Debtor himself. Upon information and belief, the Creditor will be paid from the liquidation of the Dooley ABCs.

The Creditor does not attach any evidence to support its Claim and has not provided any supporting document that would legally bind the Debtor or make the Debtor jointly liable to pay back the debt owed to the Creditor. Furthermore, the Creditor has not provided sufficient information or documents to demonstrate that the Debtor personally guaranteed the Claim on behalf of the Dooley Companies. Accordingly, Debtor believes that Creditor has not met its burden under the Bankruptcy Code because the Creditor has not provided supporting information to establish the validity of the Claim that would legally bind the Debtor and make the Debtor personally liable for the Creditor's Claim. Therefore, the Claim should be disallowed.

## CONCLUSION

Therefore, Debtor respectfully requests this Court to disallow the Creditor's Claim.

**SCURA, WIGFIELD, HEYER,
STEVENS & CAMMAROTA, LLP**
*Counsel of Debtor*

By: */s/ Carlos D. Martinez*
        Carlos D. Martinez, Esq.

Dated: June 7, 2023